Eastern District of Kentucky
F I L E D
MAY 0 4 2005
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 05-CV-013-KKC

ROBERT G. WALGENBACH                                            PETITIONER

VS:                **MEMORANDUM OPINION AND ORDER**

WARDEN SAMUELS                                               RESPONDENT

This matter is before the Court on the *pro se* petitioner's motion [Record No. 5] for the Court to reconsider its earlier memorandum opinion and order denying his petition.

BACKGROUND

On March 31, 2005, this Court dismissed the instant §2241 proceeding, wherein the petitioner had challenged a prison disciplinary proceeding against him, whereby he lost 41 days of good time credits, on the grounds that the proceeding (1) violated his due process rights in several respects; and (2) was discriminatory. He complained that although both he and his roommate, Fred Charles, were initially convicted of possessing drugs in their cell, Charles' conviction was subsequently overturned on appeal, but Petitioner Walgenbach's was not. The petitioner sought return of the good time credits and expungement of the incident. Upon screening the petition, the Court found that the petitioner had failed to state a due process or equal protection claim; ordered the matter dismissed, *sua sponte*; and entered judgment against the petitioner. Record No. 3.

As grounds for the current motion, the petitioner points out that he is proceeding *pro se*, and he claims that, therefore, he did not know that he was expected to point out exactly how he and his roommate were similarly situated, or how he was individually victimized, in order to state an equal protection claim. He then lists six ways in which he and Charles are similarly situated and three ways in which their treatment differed, purportedly based on the belief that the petitioner is a "gang

member affiliated with the Latin Kings." He alleges, *inter alia,* that he and Charles have the same security level and neither has received any earlier incident reports or failed any prior urinalyses. Moreover, it was he, not Charles, who insisted on a urinalysis to clear himself; they both passed.

The petitioner asks the Court to reconsider its dismissal and to permit his equal protection claim to go forward.

## DISCUSSION

The instant motion will not be granted. Even regarding the additional allegations as to similarities between the two cell-mates' situations, the Court still finds no equal protection claim stated. The Court has already written that the unknown, additional evidence used to clear Charles on appeal is not relevant to the decision against Walgenbach. Record No. 3 at 7. Additionally, amendment of prisoners' civil actions is not permitted since the Prison Litigation Reform Act's ("PLRA") effective date, April 26, 1996. *See McGore v. Wrigglesworth,* 114 F.3d 601, (6th Cir. 1997).

Moreover, the Court finds that its original dismissal is consistent with the results in similar situations in other district courts. The Equal Protection Clause protects against classifications that disadvantage a suspect class or that infringe on the exercise of a fundamental right; but like another §2241 petitioner in this circuit, the petitioner herein "has not alleged or otherwise shown that he is a member of protected class or that correctional officials deprived him of a fundamental right." *Mazzanti v. Bogan,* 866 F.Supp. 1029, 1033 (E.D. Mich. 1994) (citing *Plyler v. Doe,* 457 U.S. 202, 216017 (1982)). *See also Smith v. Menifee,* 1003 WL 1872668 (S.D.N.Y. 2003) (not reported) (dismissing equal protection claim, the petitioner not alleging membership in a suspect class, the implication of a fundamental right, or conduct intentionally singling him out for different treatment

2

without any legitimate governmental reason, and the district court citing *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam)).

Gangs are not a protected class in terms of equal protection, so there is no violation unless it can be shown that officials were using the gang classification as a pretext for discriminating against a protected class. *Weathers v. Gasparini*, 1998 WL 8853 (N.D. Ill. 1998) (not reported). Like Petitioner Weathers, the instant petitioner has not indicated any facts which would support this Court's finding that his conviction was prosecuted and upheld as a pretext for invidious discrimination. *Id.* at *4. "The Equal Protection Clause is limited to instances of purposeful or invidious discrimination rather than erroneous or arbitrary administration of state power. *O'Daniel v. Peters*, 1993 WL 339309 (N.D. Ill. 1993) (unpublished) (holding that the court did not need to reach the suspect class issue because the plaintiff therein had failed to allege that the defendants harbored a discriminatory motive).

This Court has already noted that, upon remand after appeal, the DHO making Charles' second decision, to exonerate him, referred to "additional information" about Charles, which led to a new proceeding, a finding of not guilty, and expungement of the matter for Charles. However, Charles' result is not the matter under scrutiny in the instant petition, and the "additional information" about Charles is not relevant to this petitioner's result. The words of a panel of the Seventh Circuit in affirming a district court decision would be equally applicable herein:

> Finally, [the petitioner] offers a weak argument that a different inmate . . . was treated differently, though charged with the same crime. True, but the difference is not an equal protection violation; the difference is that [the other inmate] was acquitted, while [the petitioner] was found guilty.
>
> We conclude that some evidence supported the disciplinary decision, and thus the district court properly granted summary judgment in favor of the defendant.

3

*Evans v. Turner*, 54 F.3d 779 at **3 (7th Cir. 1995) (unpublished).

There are three grounds for a court to amend its judgment: (1) to accommodate an intervening change in controlling laws; (2) to account for new evidence not available previously; and (3) to correct a clear error of law or to prevent manifest injustice. *Berridge v. Heiser*, 993 F. Supp. 1136, 1146-47 (S.D. Ohio 1997) (citing *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). Rule 59 motions must either present newly discovered evidence or a clearly established manifest error of law. *FDIC v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986).

The Court has again examined the petitioner's equal protection claim at length and finds that the petitioner has presented no reason for the Court to amend its judgment. Nothing presented by the petitioner persuades the Court that its ultimate judgment was in error or that amendment is necessary to correct a clear error of law or to prevent manifest injustice. Accordingly, **IT IS ORDERED** that the petitioner's motion for reconsideration [Record No. 5] is **DENIED**.

This the 4th day of May, 2005.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge

4